**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

DIOGENES CHAMI DOGIRAMA,
Petitioner,
v.
CHRISTOPHER J. LAROSE, *et al.*,
Respondents.

Case No. 26-cv-05088-BAS-SBC

**ORDER SETTING EVIDENTIARY HEARING ON AMENDED PETITION (ECF No. 5)**

Petitioner Diogenes Chami Dogirama filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting immediate release because he was detained without a warrant and without a determination that he was an escape risk. (ECF No. 5.) The Government responds that a warrant was issued and 8 U.S.C. § 1357(a)(2) allows for warrantless arrests. (ECF No. 8.) In addition, the Government posits that Petitioner is detained pursuant to § 1226(a) and is, thus, entitled to a bond hearing, so he should be required to pursue this administrative remedy first. (*Id.*) Petitioner files a Traverse arguing the warrant was issued after the arrest, § 1357 requires a determination of escape risk—which was not done in this case—and Petitioner is not requesting a bond hearing but immediate release. (ECF No. 9.) Because the Court finds an evidentiary issue

exists that cannot be resolved on the papers, the Court sets an evidentiary hearing as outlined below.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Panama, entered the United States in September 2020 with a tourist visa. (ECF No. 5.) This visa expired on March 10, 2021, and Immigration and Customs Enforcement ("ICE") denied Petitioner's application to extend his stay. (ECF No. 8.) Petitioner remained in the United States working in construction. (ECF No. 5.)

On July 28, 2026, while Petitioner was at the gate at Newark airport preparing to catch a flight to Oklahoma via a layover in Houston, he was approached by ICE agents. (ECF No. 5.) After brief questioning, the ICE agents handcuffed Petitioner and transported him to ICE's office in Newark. (*Id.*) ICE presented Petitioner with a warrant for his arrest.

## III. ANALYSIS

The Government agrees that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Section 1226(a) allows for detention on "a warrant issued by the Attorney General." It is unclear from the record in this case when the warrant presented to Petitioner at the ICE office in Newark was generated. If ICE obtained the warrant before detaining Petitioner at the gate in Newark, Petitioner's argument about a warrantless detention is not valid.

If, however, ICE agents arrested Petitioner and transported him to the ICE office without a valid warrant, then the issue becomes whether he was validly arrested under §

1357. Title 8 U.S.C. § 1357 allows ICE officers to arrest an individual without a warrant if they have reason to believe: (1) the individual is in violation of a law or regulation regulating "admission, exclusion, expulsion, or removal of aliens," and (2) the individual "is likely to escape before [a] warrant can be obtained for his arrest." It is unclear from the record whether these two prongs have both been met. *See*, *e.g.*, *Rivera v. Mullin,* No. 5:26-cv-04197-KES, 2026 WL 2276935, at *2 (C.D. Cal. Aug. 6, 2026) ("[G]enerally 'it is not a crime for a removable alien to remain present in the United States,' [therefore,] 'if the police stop someone based on nothing more than possible removability, the usual predicate for an arrest is absent.'" (quoting *Arizona v. United States*, 567 U.S. 387, 407 (2012))).

Accordingly, the Court will set this matter for an evidentiary hearing. At that hearing, the Court will accept evidence as to:

(1) Whether the Attorney General issued an arrest warrant for Petitioner before he was detained at the gate in Newark;

(2) If not, what the arresting officers had reason to believe with respect to Petitioner's violation of immigration laws or regulations at the time he was arrested and transported to the Newark ICE office; and

(3) Whether the ICE officers assessed and had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest.

In addition, the Court will take argument at that hearing as to what the proper remedy should be if, in fact, Petitioner's initial arrest was illegal. *See, e.g.*, *Martinez v. Giles*, No. 5:26-CV-05161-SSC, 2026 WL 2792796, at *3 (C.D. Cal. Sept. 17, 2026) ("A habeas petition tests the lawfulness of a detainee's present custody."); *Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969) ("[D]efects in an arrest are not cognizable in habeas corpus."); *Alvarez-Mendez v. Stock*, 941 F.2d 956, 956–60 (9th Cir. 1991) ("[W]e are concerned [in an immigration habeas petition] only with the legality of [Petitioner's] present detention."); *Sormunen v. Nagle*, 59 F.2d 398, 398–99 (9th Cir. 1932) (noting detainee's contention that he was taken into custody prior to the issuance of an arrest warrant is "immaterial" in a petition for writ of habeas corpus where the detainee was lawfully subject to detention

under a relevant immigration statute); *Urias v. Warden-Facility Adm'r*, No. 5:26CV01972-JWH-DFM, 2026 WL 1419045, at *1 (C.D. Cal. May 20, 2026) ("[T]he remedy for an unlawful arrest . . . is suppression of evidence, not release from custody."); *but see Rivera*, 2026 WL 2276935, at *3 ("The Court respectfully disagrees with some recent district court decisions finding that an improper warrantless arrest by immigration authorities does not warrant release from custody."); *F.R.P. v. Wamsley*, No. 3:25-CV-01917-AN, 2026 WL 482184, at *3 (D. Or. Feb. 19, 2026) (reasoning that because respondents have made no showing of grounds for petitioner's detention, the decisions providing that habeas is not an appropriate vehicle for relief are inapposite).

## IV. CONCLUSION

In light of the foregoing, the Court **ORDERS** the parties to appear for an evidentiary hearing on **October 23, 2026, at 11:00 a.m.** in Courtroom 12B.

**IT IS SO ORDERED.**

**DATED: October 16, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**